STATE OF NORTH CAROLINA v. JOE CAMPBELL

No. 735SC822

(Filed 19 December 1973)

**Criminal Law § 86— prior convictions — examination of defendant**
     The solicitor was properly allowed to cross-examine defendant
about specific prior convictions without first inquiring as to whether
there had been any prior convictions.

APPEAL from *Rouse, Judge,* 21 May 1973 Session of Superior
Court held in NEW HANOVER County.

Defendant was indicted for assault with a deadly weapon
with intent to kill inflicting serious injury. He entered a plea
of not guilty. The jury returned a verdict of guilty of the lesser
charge of assault with a deadly weapon inflicting serious injury.
Defendant was sentenced to a term of five years imprisonment.
From this judgment, he has appealed.

*Attorney General Morgan, by Assistant Attorney General
James E. Magner, Jr., for the State.*

*Herbert P. Scott for defendant appellant.*

BALEY, Judge.

Defendant testified in his own behalf and was cross-
examined about prior criminal convictions. He complains in his
only assignment of error that the State did not first inquire
about whether there were any convictions before proceeding to
examine him about the specific convictions—all of which he ad-
mitted.

For purposes of impeachment a defendant in a criminal
case who takes the stand as a witness in his own behalf may be
cross-examined with respect to prior conviction of crime. *State
v. Miller,* 281 N.C. 70, 189 S.E. 2d 618; *State v. Blackwell,* 276
N.C. 714, 174 S.E. 2d 534, *cert. denied,* 400 U.S. 946; 1 Stans-
bury, N. C. Evidence (Brandis rev.), § 112.

While defendant may no longer be asked if he has been
*indicted* or *arrested* for a specific offense, *State v. Williams,*
279 N.C. 663, 185 S.E. 2d 174, "the decision in *Williams* did not
change the rule that for purposes of impeachment a witness
may be asked whether he has *committed* specific criminal acts or

been guilty of specified reprehensible conduct." *State v. Gainey,* 280 N.C. 366, 373, 185 S.E. 2d 874, 879; *accord,* 1 Stansbury, *supra,* § 111.

Control of the cross-examination was within the discretion of the trial court, and we find no abuse of discretion.

No error.

Chief Judge BROCK and Judge PARKER concur.